DOWNEY, Judge.
On February 1, 1990, E. Llwyd Eccle-stone, Jr., trustee d/b/a NCNB Tower, sued Aldo Remo a/k/a Aldo John Remo, Aldo B. Remo a/k/a Lou Remo, and others to recover delinquent rent due for premises in the NCNB building wherein John Remo operated a restaurant. The written lease between Ecclestone and John Remo noted that there was certain personal property, equipment and supplies on the premises, the ownership of which was in dispute. A list of said personalty was attached to the lease. The complaint claimed that John Remo had failed to pay the rent as it came due and sought foreclosure of Ecclestone’s landlord’s lien and the issuance of a distress writ upon the personal property and equipment located on the demised premises. It was further alleged in said complaint that B. Remo, together with John Remo, engaged in a certain business on the leased premises, but does not allege that B. Remo was a party to the lease. B. Remo moved to dismiss the complaint, alleging that he was not a lessee and denying any obligation under the lease agreement. He further filed a motion for dissolution of the distress writ against the personalty on the premises contending therein that he, B. Remo, was the owner of said personalty and that John was a lessee thereof only and in default to B. Remo for the rent due on said personalty. In due course, B. Remo filed an answer denying most of the pertinent allegations of the complaint against him, and again asserted his proprietary interest in the personal property involved in the distress writ. The trial court denied B. Remo’s motion to dismiss the complaint and dismissed without prejudice two counterclaims he filed against Eccle-stone.
*1002 Thereupon, on January 10, 1991, Eccle-stone filed a motion for final judgment against John Remo, against whom a default had been entered, and requested levy of the writ and sale of the personalty involved. The trial court granted said motion, entered judgment, and the property was sold.
B. Remo has perfected this appeal from the judgment predictably complaining that he was shortchanged due process-wise, since without so much as a by-your-leave the property in issue between Eccle-stone and B. Remo was disposed of and Remo’s motion to dissolve the writ was ignored.
Ecclestone contends that Remo’s problem is of his own making because he did not utilize the procedure set forth in section 83.15, Florida Statutes (1989), which allows any third person claiming distrained property to interpose a claim to it and to preclude levy of the writ. However, while perhaps Remo could have sought that remedy, in this case he is not a third party, rather he is a defendant. As such, B. Remo resorted instead to the procedure set forth in section 83.135, Florida Statutes (1989), which authorizes a defendant to move for dissolution of a distress writ. Having filed said motion, he was entitled to have the court hear his motion not later than the day on which the sheriff was authorized to levy the writ on the contested property. Thus, we conclude that the trial court had no right to proceed to judgment and sale of the property in question in the face of the pending issues presented by Remo’s answer and motion to dissolve the writ.
Finally, we note appellee’s contention that he must prevail here because the record contains no transcript of a hearing on the motion to dissolve the distress writ. We are unable to agree with that position because it is perfectly plain that there is no order in the record wherein the court purported to adjudicate the only contested issue between Ecclestone and B. Remo, i.e., the ownership of the personal property involved. Although the motion to dissolve was filed and noticed for hearing, there is nothing in the record to show that the trial court ever ruled upon the matter.
Accordingly, the final judgment and order of levy and sale are reversed and the cause is remanded to the trial court for further appropriate proceedings to determine the rights of B. Remo to the property in question.
LETTS, J., and SCHWARTZ, ALAN, Associate Judge, concur.